**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GREGORY O'NEAL LOWE, § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:03-CV-1712-K |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case was referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow.

**Parties**

Gregory O'Neal Lowe ("Petitioner") is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of TDCJ-CID ("Respondent").

**Factual and Procedural History**

On October 29, 1999, a jury convicted Petitioner of possession of a firearm by a felon, and the trial court sentenced him to eleven years in the custody of TDCJ-CID. *State v. Lowe*, No. F-9947114-TH (Crim. Dist. Ct. No. One, Dallas County, Tex., Oct. 29, 1999). On June 19, 2001, the Fifth District Court of Appeals affirmed the conviction. *Lowe v. State*, No. 05-00-00093-CR (Tex. App.–Dallas, June 19, 2001, pet. ref'd). The Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Lowe v. State*, PDR No. 01-1368. Petitioner filed a motion for rehearing, which the Court of Criminal Appeals denied. *Id.* Petitioner then filed a state application

for writ of habeas corpus. *Ex parte Lowe*, No. 53,094-02 (Tex. Crim. App. Jan. 22, 2003).[1] The Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing. *Id.* at cover.

On June 26, 2003, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On December 30, 2003, Respondent filed his answer arguing the petition should be dismissed as time-barred. On April 8, 2005, the District Court denied the motion to dismiss and ordered Respondent to file an answer within 60 days. Respondent filed an amended answer on June 6, 2005. Petitioner filed a reply to the amended answer on June 24, 2005.

## Issues

Petitioner claims as follows:

1.  The trial court improperly admitted an oral stipulation of evidence that allowed the jury to consider his prior murder conviction, denying him due process and a fair trial;

2.  The jury was improperly prejudiced against Petitioner;

3.  Trial counsel provided constitutionally ineffective assistance;

4.  The prosecutor engaged in misconduct; and

5.  The warrantless search and seizure of evidence was unconstitutional.

(Fed. Writ Pet. at 7-8.)

## Statement of Facts

---

[1] Petitioner first filed an "Application for Original Writ of Mandamus" which the Texas Court of Criminal Appeals denied without written order. *Ex parte Lowe,* No. 53,094-01 (Tex. Crim. App. Aug. 14, 2002).

The Court sets forth the statement of facts from the Dallas County District Attorney's Brief on Appeal:

> Officers Morin, Bricker, and McDonnald responded to complaints about the sale of narcotics at an apartment complex. [1 SF 17.] To prevent being seen by possible suspects, the officers went on foot patrol through the complex. [1 SF 17.] While walking through the complex, Officers Morin and McDonnald stopped to talk to two suspects. [1 SF 19.] Officer Bricker walked over to a vehicle from which he could smell the scent of marijuana emanating. [1 SF 20, 50.]
>
> As Bricker approached the vehicle, he noticed [Petitioner] sitting alone in the driver's seat. [1 SF 47-48.] Upon questioning, [Petitioner] admitted that his vehicle smelled like marijuana because his brother had smoked marijuana in the vehicle earlier. [1 SF 49.] During the conversation, Bricker noticed that [Petitioner] was making suspicious movements toward the passenger side of the vehicle. [1 SF 49-50.] Consequently, Bricker used his flashlight to illuminate inside the vehicle to look for possible weapons. [1 SF 49-50.] Bricker noticed a handgun sitting on the front passenger seat of the car just past where [Petitioner] was seated. [1 SF 49.] Bricker screamed gun, in an attempt to alert [Officers] Morin and McDonnald who were nearby, and then proceeded to extricate [Petitioner] from the vehicle. [1 SF 50.] With other officer's assistance, [Petitioner] was removed from the car and placed under arrest. [1 SF 50.]

*Lowe v. State*, No. 05-00-00093-CR, State's Brief, at 1-2.

## Exhaustion of State Court Remedies

Respondent states that Petitioner has sufficiently exhausted all of his state court remedies and does not seek dismissal on this ground.

## Standard of Review

Under 28 U.S.C. § 2254(d), a court shall not grant a writ of habeas corpus on behalf of a person in custody under a state court judgment with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication: (1) resulted

3

in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## **Denial of Due Process and a Fair Trial**

Petitioner's first, second, and fourth claims are based upon the admission of an oral stipulation of evidence concerning his prior murder conviction. Petitioner argues that state law required that his waiver of the appearance, confrontation, and cross examination of the witnesses and his consent to the stipulation of evidence be approved by the trial court in writing and made a part of the record. He contends that since the judge's approval is not in the record, the evidence of

his felony conviction was inadmissible and that, absent evidence of his felony conviction, the jury could not have convicted him of being a felon. The state appellate court held that Petitioner misunderstood the state law and that the trial court's admission of the evidence was proper. The Texas Court of Criminal Appeals concurred with, and considered itself bound by, the state appellate court's disposition of this issue.

Petitioner has not shown that the state court decision denying him habeas corpus relief on this ground is opposite to a United States Supreme Court decision on a question of law or was decided differently from the Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06. And, in fact, there was no requirement for a written waiver, as correctly noted by the Court of Appeals in *Lowe v. State*, No. 05-00-00093-CR at 2. The trial court did not deny him due process; the jury was not prejudiced; the prosecutor did not engage in misconduct; and Petitioner's trial was fair. Petitioner's claims with respect to the oral stipulation are without merit and should be denied.

### **Constitutionally Ineffective Assistance of Counsel**

Petitioner argues generally that counsel provided ineffective assistance not sufficiently defending him. He claims that counsel did not make proper objections into the record, did not impeach the State's witnesses about a Fourth Amendment violation, and did not succeed in getting the trial court to suppress the evidence from the warrantless search and seizure. Further, he contends that there was no probable cause for the "invasion" of the police, and counsel failed to properly analyze the case.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-

5

pronged standard: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must show that: (1) counsel's performance was deficient in that the errors counsel made were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687, 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one of the prongs. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions. *Id.* at 689-90. Rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. *Id*. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

The state court adjudicated Petitioner's claim of ineffective assistance of counsel on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472. This Court must now determine whether the State court's denial of relief was in conflict with clearly established federal law, as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence. On habeas corpus review, the state court found after reviewing the record that Petitioner's attorney "exercised all of the skill and expertise which one could reasonably expect

of an attorney and that [Petitioner] was in no way denied his right to effective assistance of counsel." *Ex parte Lowe*, No. 53,094-02 at 47.

Petitioner has not provided any evidence to rebut the findings that his trial counsel's performance was not deficient. Further, Petitioner's bare allegations on a critical issue in his *pro se* petition, which are unsupported by the record, cannot be considered to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Miller v. Freeman*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)). Additionally, counsel is not required to file frivolous motions or make frivolous objections. *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989). Counsel filed an Omnibus Pretrial Motion in which he requested a hearing outside the presence of the jury to determine the admissibility of any physical evidence recovered during the investigation of the case that the prosecutor intended to offer. (Tr. Ct. record at 11.) Counsel further requested that the trial court suppress any evidence if it should determine that it was obtained in violation of the United States Constitution or Federal Law or the Constitution or laws of the State of Texas. (*Id.*)

The search of the vehicle incident to arrest was a legal search and properly found to be so by the state courts. The search and seizure did not violate the Fourth Amendment. None of the evidence that was admitted was obtained in violation of any law. Therefore, no meritorious grounds existed for Petitioner's attorney to pursue the matter further. Petitioner failed to supply any evidence or grounds to show that counsel's behavior fell below the standard set by *Stickland.* His claims of ineffective assistance of counsel should be denied.

**Unconstitutional Search and Seizure**

Finally, Petitioner's allegation that he is entitled to relief because his arrest and conviction were based upon an unconstitutional search and seizure is without merit. When the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a federal court may not grant a state inmate federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The deciding factor in the applicability of the *Stone v. Powell* principle to a particular case is the existence of state processes affording an opportunity for full and fair litigation of Fourth Amendment claims, rather that a defendant's utilization of those processes. *Caver v. Alabama*, 577 F.2d 1188, 1191 (5th Cir. 1978). If the state processes afford the defendant the opportunity to fully and fairly litigate whether evidence obtained in violation of the Fourth Amendment should be excluded, then the *Stone v. Powell* principle precludes federal habeas corpus consideration of those issues, whether or not the defendant avails himself of his opportunity. *Id.* at 1193.

State law affords defendants the opportunity to litigate whether evidence obtained in violation of the Fourth Amendment should be excluded. Petitioner's counsel filed a motion to suppress any evidence obtained in violation of any law. (Trial Court Record at 11.) Petitioner is not entitled to relief on his Fourth Amendment claim because the suppression process, even if not fully utilized, was available in the state court. On habeas review, the trial court found that Petitioner failed to present the state habeas court with any constitutional questions which would entitle him to relief. *Ex parte Lowe* at 47. Petitioner has not shown that state processes denied him the opportunity to litigate his Fourth Amendment claim. Accordingly, Petitioner's allegations regarding violation of his Fourth Amendment rights are not cognizable on federal habeas corpus review.

## Summary

Petitioner has failed to establish that the denial of any of his claims by the state courts "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Therefore, his petition for writ of habeas corpus should be denied.

### Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED October 7, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTION FOR SERVICE**
**AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United State District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE